# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA A. RIVERA DE CHACON, | Case No. CV 12-3775 JCG |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1] | |
| Defendant. | |

Maria A. Rivera De Chacon ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Specifically, Plaintiff contends that the ALJ erred at step two by finding no severe mental impairments. (Joint Stip. at 4-10, 21-22.) The Court agrees with Plaintiff for the reasons discussed below.

   A.   Step Two Requires Only a *De Minimis* Showing of Limitation

Step two serves as a "'*de minimis* screening device to dispose of groundless claims.'" *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001) (quoting

---

[1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

1  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)).  To that end, it directs an
2  immediate non-disability finding only if a claimant is not suffering from a severe
3  impairment.  20 C.F.R. § 404.1520(a)(4)(ii).
4      An impairment is not severe "only if the evidence establishes a *slight*
5  abnormality that has no more than a *minimal* effect on an individual[']s ability to
6  work."  *Smolen*, 80 F.3d at 1290 (emphasis added, and internal quotation marks and
7  citation omitted).  Such a finding must be "'clearly established by medical
8  evidence.'"  *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social
9  Security Ruling ("SSR") 85-28, 1985 WL 56856, at *3).
10     B.     The ALJ Erred by Finding Plaintiff's Mental Impairments Non-Severe
11     Here, the evidence does not clearly establish the non-severity of Plaintiff's
12 mental impairments.  To the contrary, Dr. Simonian specifically found that
13 Plaintiff's "ability to adapt to the stresses common to a normal work environment is
14 moderately limited."  (AR at 299.)
15     Presumably, *moderate* stress limitations will have more than a *minimal* effect
16 on a claimant's ability to work.[2/]  Indeed, with respect to such concentration-,
17 persistence-, or pace-based limitations, a non-severe finding is appropriate only if
18 they are rated as "none" or "mild."  20 C.F.R. § 404.1520a(d)(1).  By inference,
19 then, Plaintiff's "moderate" mental impairments should have been deemed severe at
20 step two.  *See Hacker v. Astrue*, 2011 WL 2496580, at *4 (C.D. Cal. June 22, 2011)
21 (reasoning similarly).
22     Accordingly, for the reasons stated above, the Court finds that the ALJ erred

---

[2/]  Naturally, an individual's ability to work turns, in part, on their ability to handle work-related stress.  *See* 20 C.F.R. § 404.1521 (basic work activities include "[r]esponding appropriately to . . . usual work situations").

2

1 at step two.³/ The Court thus determines that the ALJ's decision is not supported by
2 substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

      C.     Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

On remand, the ALJ shall obtain, if necessary, additional information and clarification regarding Plaintiff's impairments. On the basis of this information, the ALJ shall then reassess the severity of Plaintiff's impairments at step two with attention to Dr. Simonian's consultative opinion.

\\\
\\\
\\\
\\\
\\\
\\\
\\\

---

³/   Incidentally, error may also be found in the ALJ's failure to mention this portion of Dr. Simonian's opinion. (AR at 35); *see Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (the ALJ must discuss significant and probative evidence); *see also* SSR 85-28, 1985 WL 56856, at *4 (step two "requires a careful evaluation" of the medical evidence).

    Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[4]

Dated: May 23, 2013

                                            _____
                                            Hon. Jay C. Gandhi
                                            United States Magistrate Judge

---

[4] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contention. (*See* Joint Stip. at 22-32, 36.)

4